PAUL MASARU ONO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ono v. Commissioner
Docket No. 28123-87
United States Tax Court
T.C. Memo 1989-555; 1989 Tax Ct. Memo LEXIS 553; 58 T.C.M. (CCH) 360; T.C.M. (RIA) 89555; October 10, 1989
*553 Over $ 230,000 in cash found in a trash bag in P's automobile was seized by the New Mexico State Police in Mar. 1986. P initially claimed ownership of approximately $ 3,400 of the cash and this amount was returned to P. Upon the seizure, P alleged that the balance of cash was not his and that he, P, was a courier for J. P gave no further details. In May 1987 R sent a notice of deficiency to P "as possessor of certain cash" pursuant to sec. 6867, I.R.C. 1986. P filed a timely petition in his individual capacity claiming that the cash belonged to him. Held: R properly issued the notice of deficiency to P "as possessor of certain cash" since P initially denied ownership of the cash. Sec. 6867, I.R.C. 1986. Held further: P is not entitled to file a petition in his individual capacity since the notice of deficiency was properly issued to P "as possessor of certain cash." Tien V. Doan, for the petitioner. Douglas S. Polsky and Terry W. Vincent, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code. [1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case came before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. The case was heard pursuant to the provisions of section 7443A of the Code. The issue for decision is whether petitioner may file a petition, in his individual capacity, in response to a notice of deficiency issued to petitioner "as possessor of certain cash" under section 6867. Petitioner Paul Masaru Ono (hereinafter petitioner) resided in Los Angeles, California, *556 at the time of filing the petition in this case. He filed his Federal income tax return for the year ended December 31, 1986, with the Office of the Internal Revenue Service at Fresno, California. On March 13, 1986, petitioner was stopped for a traffic offense by an officer of the New Mexico State Police and questioned with respect to his ownership of $ 231,485 in cash found in his possession. The money was discovered in a garbage bag in the trunk of petitioner's car. Petitioner claimed ownership of $ 3,432 of the cash, and this amount was returned to him by the New Mexico State Police. Petitioner denied ownership of the remainder of the cash. Petitioner was given a receipt for the cash not returned to him, which remained in the custody of the police. Respondent offered into evidence the report of a special agent of the Internal Revenue Service concerning petitioner's statements at the time of the seizure. Petitioner did not present any evidence inconsistent with this report and did not object to its introduction into evidence. Petitioner represented to the special agent on the day he was stopped by the police that he was employed as a courier by a company in Los Angeles *557 and had picked up the cash in a room at a Hilton Hotel in Oklahoma City, Oklahoma. Petitioner further informed respondent's special agent that he received the cash from an individual named Johnson who was a jeweler in Oklahoma City. Petitioner described the individual's physical appearance, but could not provide his telephone number or any other details concerning the individual's identity. Petitioner did not get a receipt for the cash he received. According to petitioner, his supervisor arranged this particular courier assignment for him. A follow-up of petitioner's statement by respondent's agents revealed that the company by which petitioner claimed to be employed had previously discharged him in November 1985, several months prior to the seizure of the cash. Respondent's agents were otherwise unable to discover the true owner of the cash seized. On April 17, 1986, respondent made a termination assessment pursuant to section 6867. Subsequently, respondent levied upon the cash held by the New Mexico State Police and received $ 25,000. On May 21 1987, respondent sent a notice of deficiency, by certified mail, to "Paul Masaru Ono, as Possessor of Certain Cash." The amount *558 of the deficiency determined by respondent was $ 114,026.50. The notice explained that the tax was computed based on the 50-percent rate provided in section 6867. In response to the notice of deficiency, petitioner filed a petition in his individual capacity on August 20, 1987. Respondent moved to dismiss the petition for lack of jurisdiction on the ground that petitioner should have filed the petition in his capacity as possessor of certain cash, not in his individual capacity. Petitioner argues that this Court has jurisdiction to determine the true owner of the cash, and that the true owner of the cash is petitioner, who may be substituted for the possessor of the cash in the proceeding before this Court. Petitioner also contends that he has at all times claimed ownership of the cash. Section 6867 sets forth a statutory presumption where an individual in physical possession of cash in excess of $ 10,000 does not claim the cash: (1) as his; or (2) as belonging to another person, the identity of whom is readily ascertainable and who acknowledges ownership of the cash. Section 6867 provides that, for purposes of sections 6851 and 6861, the cash will be presumed to represent *559 gross income of a single individual for the taxable year in which possession occurs, and that delay will jeopardize collection of tax. Under the rules for assessing tax resulting from the application of section 6867(a), the possessor of the cash is treated, solely with respect to such cash, as the taxpayer for purposes of chapters 63 and 64 and section 7429(a)(1). Sec. 6867(b)(3). This treatment is subject to the limitation provided in section 6867(c), which sets forth the effect of the subsequent substitution of the true owner of the cash for the possessor. The statutory notice was properly issued because, at least until the time of issuance, petitioner claimed he was not the owner of the cash found in his possession and did not claim that the cash belonged to another person whose identity was readily ascertainable and who acknowledged ownership of the cash. The fact that he subsequently claimed ownership in the petition will not invalidate the notice of deficiency and does not confer jurisdiction on the Court to determine ownership of the cash where the petition was not filed in petitioner's capacity as possessor of cash. Respondent correctly maintains that under Matut, As Possessor of Certain Cash v. Commissioner, 84 T.C. 803 (1985), *560 the petition must be dismissed for lack of jurisdiction. In Matut, we held that the taxpayer might maintain an action in his capacity as possessor of certain cash, but that he could not maintain an action in his own name, since he denied ownership of the cash. "Congress never intended that the possessor of the cash be brought into this Court in his individual capacity." Matut, As Possessor of Certain Cash v. Commissioner, supra at 807. Petitioner herein filed the petition in his individual capacity, not in his capacity as possessor of cash. Accordingly, this Court is without jurisdiction and the petition must be dismissed under authority of Matut, As Possessor of Certain Cash v. Commissioner, supra.
An order granting respondent's motion to dismiss for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩